IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

       vs.                           NO.  2:12-cr-125
                                        JUDGE WATSON

KAREN HENRY LAMB,

        Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

The advisory Guidelines sentencing range for the defendant is 0-6 months based on an offense level of 4 and a criminal history category of I.  The United States acknowledges that Court will determine the appropriate sentence in this case, but submits that a sentence within the Guidelines range would be reasonable and appropriate.

**The Court must consider the nature and circumstances of Defendant Karen Henry Lamb's offense and her characteristics in determining the sentence it will impose.**

In enacting the Sentencing Reform Act of 1984, Congress had three objectives: (1) honesty in sentencing; (2) uniformity in sentencing by narrowing wide disparities in sentences imposed for similar offenses committed by similar offenders; and, (3) proportionality in sentencing through a system that imposes appropriately different sentences for more or less severe criminal conduct. USSG Ch. 1Pt. A. , intro. comment.  As the Supreme Court recognized, Congress sought to achieve through a sentencing guidelines system greater fairness in sentencing through diminished

unwarranted sentencing disparity and greater fairness through increased uniformity. *Rita v. United States*, 551 U.S. 338, 354 (2007).

Moreover, one of Congress' central reasons for creating sentencing guidelines was not only to ensure stiffer penalties for white-collar crime but also to eliminate disparities between white-collar sentences and sentences for other crimes. *United States v. Davis*, 458 F.3d 491, 499 (6th Cir. 2007) (citations omitted).

Congress specifically directed sentencing courts to consider in determining a particular sentence to be imposed, among several factors, the kinds of sentence and the sentencing range established in a case under the Sentencing Guidelines [18 U.S.C. § 3553(a)(4)], the need for the sentence imposed to provide just punishment as well as general deterrence to criminal conduct [18 U.S.C. § 3553(a)(2)], the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct [18 U.S.C. § 3553(a)(6)], the nature and circumstances of the offense and the history and characteristics of the criminal defendant [18 U.S.C. § 3553 (a)(1)], and any pertinent policy statement issued by the Sentencing Commission [18 U.S.C. § 3553(a)(5)].

When the Court consider these 3553(a) factors, it should give particular consideration to the nature and circumstances of defendant's offense and her history and characteristics. The United States suggests the Court should do so because information contained in the final presentence investigation report should be supplemented and clarified for the Court's full consideration in imposing sentence.

Paragraph 6 of the presentence report correctly states that Karen Lamb was the owner and president of an auction business named Almite Services, Inc., while paragraph 71 refers to the

business as belonging to her husband. In fact, on December 21, 2006, the date of the offence, defendant was sole owner of the business; and defendant did not marry her husband until December 11, 2007. *See* PSR ¶ 32.

Paragraph 9 of the presentence report correctly identifies a particular individual as the victim of defendant's offense, while Paragraph 71 incorrectly states that there is no identified victim in this case.

Further, information about recovery of the truck by its owner should be supplemented and clarified. As established by her plea of guilty, on December 21, 2006, the defendant (at that time known as Karen Henry) caused the transfer of a certain 1992 Mack truck to Almite Services, Inc., a company that she then solely owned, by falsely asserting that the owner of the truck had appeared before her as a notary public and the signed the vehicle title over to her company. The owner of the truck, in fact, claimed he was in Las Vegas at the time defendant claimed he appeared before her, and that he never signed that title at all.[1]

According to the owner of the 1992 Mack truck, he had no idea that a signature purporting to be his had been signed on the title transferring the truck to defendant's company when he arrived at the business on March 21, 2007. The reason the owner/victim was at the Almite premise that day was to recover several pieces of heavy equipment that he had consigned to Almite for sale, including the 1992 Mack truck, that to his knowledge had not been sold. When the owner/victim arrived, he observed the 1992 Mack truck being used by Todd Lamb to move gravel around the premises. A verbal dispute arose between Todd Lamb and the owner/victim about not only use of the 1992 Mack

---

[1] A sworn account of these events was provided to the probation officer on or about September 14, 2012.

truck by Lamb, but also about Almite's failure to either sell the consigned goods or forward to the owner/victim proceeds of the sale of his equipment. The verbal dispute escalated, and culminated in an altercation between the two men.

The United States does not represent that defendant was directly responsible for the altercation at her business on March 21, 2001. The United States does suggest that, per 18 U.S.C. §§ 3553(a)(1) and 3661, the Court may consider that event as part the nature and circumstances of defendant's offense, that is, the business practices of defendant, including the manner in which title to at least one motor vehicle was transferred to her company without the owner's knowledge, could lead to such an altercation when an owner/victim would seek to recover his unsold property.

In a similar vein, the Court may consider whether defendant's representations concerning the subject transaction made in the record of this case reflect upon her business practices, and would provide insight into the nature and circumstances of her offense. Defendant represented to the Court that Almite had obtained a judgment against the owner/victim for conversion of the 1992 Mack truck. (Motion, ECF no. 11.) In fact, the judgment was set aside on July 30, 2007, two weeks after it was entered. *See* Government's Memorandum Contra, ECF no. 12, Exhibit B. Thereafter, the civil case was voluntarily dismissed against the owner/victim. *(Id.*, Exhibit C.)

The Court may gain additional insight into business practices as they related to the nature and circumstances of defendant's offense by considering her representation that she routinely would have sellers acknowledge their signatures in advance of sales of their property so they would not have to be present when a sale occurred. (PSR ¶ 12.) The United States suggests that defendant, a notary public in Ohio, should have known that the proper means for owners to transfer titles to vehicles without being present at a sale would be through execution of a Ohio Bureau of Motor Vehicles

4

Power of Attorney (copy attached as Memorandum Exhibit A), not by acknowledging an unknown signature on a certificate of title.

> **A sentence within the applicable Guidelines range would be reasonable and appropriate punishment for defendant's offense.**

Pertinent policy statements issued by the United States Sentencing Commission address whether and to what extent certain factors should be considered by a sentencing court in imposing an appropriate sentence. Per 18 U.S.C. §§ 3553(a)(5) and (a)(6), a sentencing court should consider guidelines provisions, and other authorities and factors, in deciding whether to impose a sentence that would be a deviation from an otherwise correctly determined sentencing guidelines range.

The United States submits that, in determining an appropriate sentence, a sentencing court should be discouraged from using family ties and responsibilities as factors for a sentencing deviation from an otherwise correctly calculated sentencing guideline range. *Koon v. United States*, 518 U.S. 81, 95 (1996); *See also* USSG §§ 5H1.10 and 5H1.6.

The United States further submits that a sentence within the advisory Guideline range of 0-6 months would be reasonable under the rationale of *United States v. Booker*, 543 U.S. 220 (2005). In sentencing proceedings, the Guidelines serve as an initial benchmark to secure nationwide consistency in sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). When imposing a sentence, a district court must focus on a sentence's ability to accomplish the purposes set forth in § 3553(a). *United States v. Bolds,* 511 F.3d 568, 578 (6th Cir. 2007) (citations omitted). If a sentencing judge, upon consideration of the Guidelines and all § 3553(a) factors, concludes an outside-the-Guidelines sentence is warranted, he must promote the perception of fair sentencing by ensuring the degree of deviation from the Guidelines is supported by sufficiently compelling justification. *Gall* at 50.

After evaluating sentencing arguments in light of the § 3553(a) factors, and as part of imposition of a sentence, the district court must explain its reasons for selecting the particular sentence imposed. *Bolds* at 580. If a district court decides to deviate from the Guidelines range, it must consider the extent of the deviation and ensure its justification is sufficiently compelling to support the degree of the variance. *Gall* at 50. A district court should support a major deviation by more sufficient justification than a minor one. *Id.*

Upon consideration of § 3553(a) factors, the Court should impose upon defendant a reasonable and appropriate sentence within the applicable advisory Guidelines sentencing range of 0-6 months . The United States recognizes that such sentence within this range may be one of probation. Should the Court's sentence be one of probation, the United States would recommend that it include as a condition of probation that defendant perform significant community service in Logan County, Ohio. *See* 18 U.S.C. § 3563(b)(12).

MARK T. D'ALESSANDRO
Acting United States Attorney

*s/Dale E. Williams, Jr.*
DALE E. WILLIAMS, JR. (0020094)
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715; Fax: (614) 469-5653
Dale.Williams @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing sentencing memorandum was served this 2nd day of October, 2012, electronically on:   counsel for Defendant Karen Henry Lamb.

*s/Dale E. Williams, Jr.*
DALE E. WILLIAMS, JR. (0020094)
Assistant United States Attorney